DASHOD REED # 1106921
Name and Inmate Booking Number

HIGH DESERT STATE PRISON
Place of Confinement

P.O. BOX 650
Mailing Address

Indian Springs NV, 89070
City, State, Zip Code

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DASHOD REED ,
                    Plaintiff

vs.

(1) PERRY RUSSELL ,
see additional pages for
(2) DEFENDANTS ,

(3) _____ ,

(4) _____ ,

(5) _____ ,
                    Defendant(s).

Case No. 2:22-cv-00537-RFB-BNW
(To be supplied by Clerk of Court)
2nd Amended Complaint
CIVIL RIGHTS COMPLAINT
BY AN INMATE

☐ Original Complaint
☐ First Amended Complaint
☒ Second Amended Complaint

☒ Jury Trial Demanded

### A.    JURISDICTION

1)  This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)
    ☐ Other: Additional jurisdiction exist based on a federal question

2)  Institution/city where Plaintiff currently resides: HIGH DESERT STATE PRISON

3)  Institution/city where violation(s) occurred: NORTHERN NEVADA CORR. CENTER

1    PERRY RUSSELL,

2.    RON ABELOE,

3.    JEREMY COLTRIN,

4    WING,

5.    SHERRY CONLIN,

6    WILLIAM MILLER,

7    JEANIE  KYLE-ELLENDER,

8    KEVIN GILL,

                    Defendant(s).

## B.    DEFENDANTS

1.  Name of first Defendant: Perry Russell ___. The first Defendant is employed as: WARDEN at Northern Nevada Corr. Center.

    (Position of Title)                    (Institution)

2.  Name of second Defendant: RON ABELOE ___. The second Defendant is employed as: INVESTIGATOR at Northern Nevada Corr. Center.

    (Position of Title)                    (Institution)

3.  Name of third Defendant: JEREMY COLTRIN ___. The third Defendant is employed as: INVESTIGATOR at Northern Nevada Corr. Center.

    (Position of Title)                    (Institution)

4.  Name of fourth Defendant: WING ___. The fourth Defendant is employed as: Correctional Officer ("C/O") at Northern Nevada Corr. Center.

    (Position of Title)                    (Institution)

5.  Name of fifth Defendant: SHERRY CONLIN ___. The fifth Defendant is employed as: CASEWORKER at Northern Nevada Corr. Center.

    (Position of Title)                    (Institution)

**If you name more than five Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.    NATURE OF THE CASE

Briefly state the background of your case.

Defendants, and all persons acting in concert with them have created a systemic, Unconstitutional custom to punish and suppress inmates exercise of their first amendment USC right; to petition for redress of grievances by cloaking retaliatory acts in "neutral procedures" and in doing so give their adverse acts the artificial appearance of legal.

**B.      DEFENDANTS**

1.  Name of ~~first~~ <sup>Sixth</sup> Defendant: WILLIAM MILLER . The ~~first~~ <sup>Sixth</sup> Defendant is employed as:
LIEUTENANT ("LT.") at Northern Nevada Corr. Center .

           (Position of Title)                  (Institution)

2.  Name of ~~second~~ <sup>seventh</sup> Defendant: JEANIE KYLE-ELLENDER . The ~~second~~ <sup>seventh</sup> Defendant is employed as:
REGISTERED NURSE ("RN") at Northern Nevada Corr. Center .

           (Position of Title)                  (Institution)

3.  Name of ~~third~~ <sup>Eighth</sup> Defendant: KEVIN GILL . The ~~third~~ <sup>Eighth</sup> Defendant is employed as:
INFORMANT at Northern Nevada Corr. Center .

           (Position of Title)                  (Institution)

4.  Name of fourth Defendant: _____ . The fourth Defendant is employed as:
_____ at _____ .

           (Position of Title)                  (Institution)

5.  Name of fifth Defendant: _____ . The fifth Defendant is employed as:
_____ at _____ .

           (Position of Title)                  (Institution)

**If you name more than five Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.      NATURE OF THE CASE**

Briefly state the background of your case.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

### D.    CAUSE(S) OF ACTION

### CLAIM 1

1. State the constitutional or other federal civil right that was violated: FIRST AMENDMENT USC; right to petition for redress.

2. **Claim 1**. Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities          ☐ Medical care              ☐ Mail

   ☐ Disciplinary proceedings   ☐ Exercise of religion      ☐ Property

   ☐ Access to the court        ☐ Excessive force by officer ☒ Retaliation

   ☐ Threat to safety           ☐ Other: _____.

3. **Date(s) or date range** of when the violation occurred: June 2020 - June 23, 2021

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 1. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

## STATEMENT OF FACTS

1.) At all times here, and after the Plaintiff, Dashod Reed ("Reed") is incarcerated in the Nevada Department of Corrections ("NDOC");

2.) May 19th, 2020 to assist medical staff during the Covid-19 pandemic, and as a safeguard to prevent the potential spread of the virus among the prison population — Reed was moved to the Infirmary/ Unit 8A to be housed as a live in Bio-Porter;

3.) During this time, Defendant JEANIE KYLE ELLENDER ("Defendant Jeanie") began making racial and sexually inappropriate remarks to the plaintiff, such as:

4.) "My husband Adam can't cook, but it's okay cause he's good in the sack,"; how her husband was "black from the waist down,"; and she also talked to Reed about the sexual energy needed to be married to someone fifteen years her junior;

5.) Reed sternly responded to Defendant Jeanie's inappropriate remarks the final time he "[does] not want to hear that", and reminded Defendant Jeanie "[she was] not suppose to be talking to him like that";

3



6.) Defendant Jeanie (appx at the end of June, 2020) almost immediately began acting adveresly toward Reed for his complaint, in the form of filing false reports of misconduct to multiple Infirmary / Unit 8A Officers;

7.) Defendant Jeanie alleged to Officers, Reed "was stealing" from inmate/patient Stanley Butler; Defendant Jeanie alleged Reed was "taking inmate Jerry Johnsons' medication"; Defendant Jeanie also alleged Reed was using the Infirmary Bio-hazard bins to "make wine";

8.) Defendant Jeanie's allegations all, ultimately turned out to be false; causing the Plaintiff, Reed to have to work and defend himself in a adversial setting;

9.) Unit 8A Officers after reviewing Institutional cameras, and interviewing inmates determining Defendant Jeanie had lied, told Reed "stay away from Jeanie";

10.) Reed filed a grievance against Defendant Jeanie; submitting his first level appeal February 23, 2021, it was stamped "RECEIVED" by the Infirmary March 8th, 2021;

11.) March 9th, 2021 after Reed worked his shift in 8C/ Medical with-out incident, Officer Wing ("Defenda- nt Wing") an 8C officer - called Reed's housing unit and told Officer Brendal to relay to Reed that he "had been terminated";

12.) Reed confirmed his termination through unit 2

3A

[12, continued] caseworker Olivia Agle after she emailed Infirmary Caseworker, Sherry Conlin ("Defendant Conlin"), Reed was assured he had been terminated (with-out explaination);

13.) Senior Officer, Herzog told Reed he "was briefed" by Defendant Conlin at the beginning of his shift on March 9th, 2021 that she "thought it was best to terminate Reed";

14.) Herzog informed Reed, that he advised Conlin, "she could not do that because it was retaliation"

15.) Defendant Conlin then emailed Olivia Agle; rehiring and reassigning Reed to Unit 8B, Mental Health Unit ("8B/MHU"). A less favorable position, in an attempt to compel Reed to quit;

16.) On March 10th, 2021 Reed was reporting to his new work assignment in 8B/MHU, when he was stopped in the 8C, inmate waiting room by Officer Hawk and Defendant Wing;

17.) Defendant Wing at that time expressed to Reed that he was terminated on March 9th, 2021 because he "was told by the Warden to deal with [Reed]", because "nursing staff was uncomfortable around [Reed]"; and threatened Reed that he "should just resign, before things got worse". Reed refused to resign.

18.) This exchange was captured on the Institutions surveillance system.

19.) March 11th, 2021 Reed submitted a inmate

3B

[19, continued] request form to Warden Perry Russell ("Defendant Russell") to inform him of staffs allegations and also inform him of on going and future retaliatory plans of prison officials to suppress and punish Reed for the exercise of his first amendment;

20.) March 15th, 2021 Defendant Russell responded to Reed's inmate request form stating, "I have not said anything concerning you to anyone", and asked Reed "who told you this";

21.) On June 23, 2021 Investigators Ron Abeloe ("Defendant Abeloe") and Jeremy Coltrin ("Defendant Coltrin") transfered Reed to segregation, minutes after colluding and conspiring with inmate Kevin Gill ("Defendant Kevin Gill") who deliberately falsely reported he "purchased drugs from Reed" through a 3rd party inmate named "Flame". (Christopher Dillon);

22.) Defendant Kevin Gill alleged he "completed transaction through [Christopher Dillon]", that he "did not deal with Reed"; and he had only "heard" the information he was relaying to Defendants Abeloe and Coltrin;

23.) Christopher Dillon was not transfered to segregation

24.) Weeks later Defendants Abeloe and Coltrin to rehabilitate their arbitrary and

3C

[24, continued] capricious decision to transfer Reed to segregation, deviating from normal prison procedure, with out any corroboration or a good faith investigation, to deem Defendant Kevin Gill as "credible" tailored a Investigative Report with false and exaggerated inculpatory statements, that Defendant Coltrin stated came from "multiple sources";

25.) There is no documented statements or reports from these alleged "multiple sources" prior to Reed being transfered to segregation;

26.) December 7th, 2021 Defendant Abeloe came to speak with Reed in segregation; and told Reed that he "would be criminally charged";

27.) Reed, demanded a polygraph test, and advised Defendant Abeloe of his plan to file suit and that "(Reed) knew that the 'Investigation' was in retaliation for him filing grievances";

28.) Defendant Abeloe responded to Reed, stating "[Reed] can sue Coltrin, but good luck suing me, I was'nt dumb enough to file a report";

29.) After 8 months in segregation the Plaintiff was transfered to another prison; and the investigation was dropped with out Reed being charged with any Institutional infraction or the promised "criminal

[29, continued] charges", because the allegations were false and improperly motivated to remove Reed from his job in the Medical building after he filed a grievance against Defendant Jeanie that lead to a suspension;

30.) Subsequently, after Reed was transferred to segregation Defendants Abeloe and Coltrin confiscated Reed's property with-out complying with and observing department regulations;

31.) July 24th, 2021 Reed filed an informal complaint with the property Sgt. (Sgt. Woods); 3 days later on July 27th, 2021 Defendant Coltrin alleging the Plaintiff's property was "excessive" issued Reed a adverse, false, and exaggerated Notice of Charges ("NOC"), for "failure to follow rules and regulations" (G-14);

32.) Defendant Coltrin's NOC was issued 34 days outside the time frame mandated by department rules and regulations to issue inmates NOCs;

35.) Lt. William Miller ("Defendant Miller") personally examined Reed's property and conceded it was not excessive;

36.) Defendant Miller was also aware: Reed's property was searched one week prior to being transfered (Officer who

3E

[36, continued] executed search did not deem Reed's property as excessive;

37.) Defendant Miller was aware, Defendant Cottrin lodged a NOC 34 days outside mandated department time frame;

38.) Defendant Miller was aware "excessive property" is not prohibited conduct; and the NDOC has a post-deprivation remedy aimed at penological goal of handling "excessive property";

39.) Reed also provided proof of ownership for the improperly confiscated property;

40.) Defendant Miller to immunize Defendant Cottrin from liability, coerced Reed to plead to the adverse and false NOC; telling the Plaintiff, Reed he "needed to plead guilty in exchange for the return of his property";

41.) On November 4th, 2021 Defendant Miller returned the Plaintiff, Reed his property at his disciplinary hearing;

42.) Defendant Miller falsified the NOC disposition stating, "the property was forfeited";

43.) The Defendants and other malefactors have perfected a systemic, mafia style tactic that masquerades neutral procedures as a front for adverse acts, allowing the

[43, continued] line of demarcation between retaliation and maintaining safety and security to be effectively blurred;

## Cause of Action - Claim 1

44.) Plaintiff incorporates paragraphs 1 through 43 as though they were stated fully herein.

45.) Defendant Jeanie's submission of multiple false complaints of misconduct to Unit 8A officers, after Plaintiff complained about her discriminatory and sexual remarks, constituted retaliation and violated the Plaintiff's first Amendment right;

46.) Defendant Jeanie campaining for retalliation, violated the plaintiff's first amendment right;

47.) Defendant Conlins and Defendant Wing terminating the Plaintiff in temporal proximity to-and for the exercise of his right to petition for redress of grievances violated the Plaintiff's first amendment and constitutes

[47, continued] retaliation;

48.) Defendant Conlin transfering the Plaintiff to 8B, to create a conflict in his schedule and compel him to quit for exercising his first amendment, constitutes retaliation;

49.) Defendant Wings threat that the Plaintiff, Reed "should just resign before things got worse", with out cause violates the Plaintiffs first amendment and constitutes retaliation;

50.) Defendant/s Abeloe, Coltrin and Kevin Gill colluded, and conspired to weaponize the neutral procedure "Investigation" as part of an elaborate and cleverly devised ruse to silence and punish Reed for the exercise of his first amendment right to petition for redress; with the dual purpose of removing him from his job in the medical building, constitutes retaliation;

51.) The aforementioned acts and omissions were a collusive and conspiratorial effort by the above named defendants

34

[51, continued] that subjected the Plaintiff, Reed to a risk of signicant sanctions even criminal charges;

52.) The antagonistic pattern of adverse acts by the Defendants both individually and collectively chilled the Plaintiff's speech or would have chilled the speech of a ordinary person and did not advance a legitimate penological objective;

53.) Defendant Russell was the head administrator at NNCC when Reed was transfered to segregation "Pending Investigation" and at all times relevant to this complaint.

54.) Reed explicitly expressed his fear of staff's plan to use "Investigation" to silence and "punish" him for the exercise of protected conduct to Defendant Russell in March, 2021; Defendant Russell was deliberately Indifferent to Reed's plea to "stop the ongoing effort to retaliate against [him]"; Defendant Russell had the authority to not impose or maintain the retaliatory discipline against the Plaintiff, Reed - he chose to impose and maintain it, acquiescing to the violation at issue;

31

## CLAIM 2

1. State the constitutional or other federal civil right that was violated: 14th Amendment
USC; right to due process

2. **Claim 2** Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities          ☐ Medical care             ☐ Mail

   ☐ Disciplinary proceedings   ☐ Exercise of religion     ☐ Property

   ☐ Access to the court        ☐ Excessive force by officer  ☐ Retaliation

   ☐ Threat to safety           ☐ Other: _____.

3. **Date(s) or date range** of when the violation occurred: June 23, 2021 – Feb 22, 2022.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 2 Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

CAUSE OF ACTION - Claim 2

55.) Plaintiff incorporates paragraphs 1 thragh 43 as though they were stated fully herein.

56.) Defendants Abeloe and Cottrin transfering the Plaintiff to segregation based on the uncorroborated hearsay statement of a confidential informant, violated the Plaintiff's right to due process;

57.) Defendants Abeloe and Cottrin tailoring a Investigation report with false, and exaggerated inculpatory statements violated the Plaintiff's right to due process

58.) Both the retaliation, supra, and denial of due process has caused substantial harm to the

**If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.**

4

[58, continued] Plaintiff, Reed. Reed has suffered deprivations including:

1) The loss of priviledges and quality of life attendant upon Plaintiff's confinement for 8 months in the restrictive conditions of the segregated housing unit, and exclusion from normal prison activities and priviledges associated with the confinement, in that he was confined to a cell only coming out every two days and deprived of his personal property as well as the ability to work and continue to pursue his college education, associate with other prisoners, attend outdoor recreation in a congregate setting with the ability to engage in sports and other recreational activities, attend meals with other prisoners and attend religous services.

2) The economic loss from the Plaintiff's exclusion from his paid employment in the prison during his confinement in the segregated housing unit.

## CLAIM 3

1. State the constitutional or other federal civil right that was violated: First Amendment USC; right to petition for redress

2. **Claim 3**. Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities    ☐ Medical care    ☐ Mail

   ☐ Disciplinary proceedings    ☐ Exercise of religion    ☐ Property

   ☐ Access to the court    ☐ Excessive force by officer    ☒ Retaliation

   ☐ Threat to safety    ☐ Other: _____.

3. **Date(s) or date range** of when the violation occurred: July 27, 2021 - Nov 4th 2022.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 3. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

CAUSE OF ACTION - Claim 3

59.) Plaintiff incorporates paragraphs 30 through 43 as though they were stated fully herein.

60.) Defendant Cottrins confiscation of the Plaintiff's property with-out complying with and observing department regulations was to defraud Reed of his property for the exercise of his first amendment right; constitutes retaliation;

61.) Defendant Cottrin issuing the Plaintiff a NOC 34 days outside the departments mandated time frame was an exaggerated response to the Plaintiff's exercise of his first Amendment;

If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.

5

[61, continued] constitutes a retaliatory adverse
act;

62.) Defendant Cottrins deviation from
normal prison procedure regarding alleged
"excessive property", in temporal proximity
to the Plaintiff's complaint, violated
the Plaintiff's first amendment right and
constitutes retaliation;

63.) Defendant Cottrin's false NOC for
"excessive property" chilled the plaintiff's
speech, because it was solely based
on retaliation and did not further a
legitimate penological interest;

5A

## CLAIM 4

1. State the constitutional or other federal civil right that was violated: 14th Amendment USC ; right to due process

2. **Claim 4**: Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities          ☐ Medical care              ☐ Mail

   ☒ Disciplinary proceedings   ☐ Exercise of religion      ☐ Property

   ☐ Access to the court        ☐ Excessive force by officer ☐ Retaliation

   ☐ Threat to safety           ☐ Other: _____

3. **Date(s) or date range** of when the violation occurred: July 27 2021 - Nov 4th 2021.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 4. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

CAUSE OF ACTION - Claim 4

(64.) Plaintiff incorporates paragraphs 30 through 45 as though they were stated fully herein.

65.) Defendant Cottrin vague NOC for "failure to follow rules and regulations" violates Plaintiff's right to due process because it does not sufficiently define what conduct is prohibited;

66.) Defendant Cottrins NOC for "failure to follow rules and regulations" violated Plaintiff's right to due process, Reed was not given fair notice that "excessive property" was prohibited; conduct

67.) Defendant Millers concious disregard of Plaintiffs

If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.

5B

[67, continued] exculpatory evidence to immunize Defendant Cottrin from liability violates plaintiff's right to due process;

68.) Defendant Miller coercing the Plaintiff to plea to a NOC that is not a infraction to any established Institution rule, violates plaintiff right to due process;

69.) Defendant Miller's false NOC disposition that the property at issue was "forfeited", to foreclose Reed from grieving Cottrins false misconduct report, violates Plaintiff's right to due process;

70.) Defendant Miller and Defendant Cottrins acts and omissions, was not rationally related to any penological goal.

71.) Defendant/s Russell; Abeloe; Cottrin; Wing; Conlin; Miller; and Jeanie are being sued in both their individual and official capacity;

72.) Defendant Kevin Gill is being sued in his individual capacity;

50

73.) Consistent with 42 U.SC $1997e(e) the plaintiff does not seek additional damages for mental or emotional injury resulting from the above described injuries.

### E.    PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while incarcerated?    ☑ Yes    ☐ No

2.  Has this Court or any other court designated you as subject to "three strikes" under 28 U.S.C. § 1915(g)?    ☐ Yes    ☑ No

3.  If you have "three strikes" under 28 U.S.C. § 1915(g), does this complaint demonstrate that you are "under imminent danger of serious physical injury?"  N/A  ☐ Yes    ☐ No

### F.    REQUEST FOR RELIEF

I believe I am entitled to the following relief: Compensatory Damages: $100,000.00; loss of wages; $2,500 per month in segregation; Punitive Damages: $10,000.00 per defendant; Declatory: Acts and Omissions of defendants violated Pltf's Constitutional rights, and Federal law; Injunction: Expungement of all material related to this complaint in Pltf's institutional file; Better safeguards against retaliation; any other relief deemed appropriate by this court; Cost, fees and Attorney fees.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** *See* 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____
(name of person who prepared or helped prepare this complaint if not the plaintiff)

_____
(signature of plaintiff)

5/16/23
(date)

### ADDITIONAL PAGES

You must answer all questions concisely in the proper space on the form.  Your complaint may not be more than 30 pages long.  It is not necessary to attach exhibits or affidavits to the complaint or any amended complaint. Rather, the complaint or any amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits. If you need to file a complaint that is more than 30 pages long, you must file a motion seeking permission to exceed the page limit and explain the reasons that support the need to exceed 30 pages in length.

6

## INDEX OF EXHIBITS

Exhibit Number __1__          Number of Pages __4__

Exhibit Description __GRIEVANCE No. 2006 311 1774 (informal)__

Exhibit Number __2__          Number of Pages __4__

Exhibit Description _____ " _____ (1st level)

Exhibit Number __3__          Number of Pages __4__

Exhibit Description _____ " _____ (2nd level)

Exhibit Number __4__          Number of Pages __3__

Exhibit Description __INMATE REQUEST FORM/COMPLAINT TO ABELOE__

Exhibit Number __5__          Number of Pages __1__

Exhibit Description __EMAIL FROM MS. CONLIN TO AGLE__

Exhibit Number __6__          Number of Pages __3__

Exhibit Description __INMATE REQUEST FORM/COMPLAINT (PERRY RUSSELL)__

Exhibit Number __7__          Number of Pages __1__

Exhibit Description __INMATE REQUEST FORM/COMPLAINT TO: SGT. WOODS__

Exhibit Number __8__          Number of Pages __1__

Exhibit Description __INMATE REQUEST FORM/COMPLAINT TO: SGT WOODS__

Exhibit Number __9__          Number of Pages __1__

Exhibit Description __INMATE REQUEST FORM/COMPLAINT TO: SGT WOODS__

Exhibit Number __10__          Number of Pages __1__

Exhibit Description __INMATE REQUEST FORM/COMPLAINT; CORRESPONDENCE WITH LT. MILLER__

Exhibit Number __11__          Number of Pages __2__

Exhibit Description __INMATE REQUEST FORM/COMPLAINTS TO: ADAMS__

Pg. 1

## <u>INDEX OF EXHIBITS</u>

Exhibit Number _12_          Number of Pages _1_

Exhibit Description _SWORN DECLARATION: Christopher Dillon_

Exhibit Number _13_          Number of Pages _1_

Exhibit Description _INMATE REQUEST FORM TO: I.G. OFFICE._

Exhibit Number _14_          Number of Pages _1_

Exhibit Description _NOTICE OF CHARGES ("NOC") issued by Cottrin._

Exhibit Number _____          Number of Pages _____

Exhibit Description _____

Exhibit Number _____          Number of Pages _____

Exhibit Description _____

Exhibit Number _____          Number of Pages _____

Exhibit Description _____

Exhibit Number _____          Number of Pages _____

Exhibit Description _____

Exhibit Number _____          Number of Pages _____

Exhibit Description _____

Exhibit Number _____          Number of Pages _____

Exhibit Description _____

Exhibit Number _____          Number of Pages _____

Exhibit Description _____

Exhibit Number _____          Number of Pages _____

Exhibit Description _____

**EXHIBIT** 1

The Plaintiff, Dashod Reed's
Grievance No. 2006 311 1774
(informal) against Defendant
Jeanie. Kyle-Ellender.

SUBMITTED December 7, 2020

**EXHIBIT** 1



# State of Nevada
# Department of Corrections

2A 4A

## INMATE GRIEVANCE REPORT

**ISSUE ID#**  20063111774

**ISSUE DATE:**  12/11/2020

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| REED, DASHOD EVEREST | 1106921 | RTRN_INF | HSKULSTAD |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| IF | 02/11/2021 | 4 | Partially Granted | HSKULSTAD | A |

### INMATE COMPLAINT

### OFFICIAL RESPONSE

Per AR 740, this grievance has been forwarded to the Office of the Inspector General for investigation. Your grievance is partially granted.

GRIEVANCE RESPONDER

A-009

Log Number _200631 11774_

## NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: _Dashod Reed_     I.D. NUMBER: _1106921_

INSTITUTION: _NNCC_     UNIT: _____

GRIEVANT'S STATEMENT: _Nurse Jeanie routinely made inappropriate sexual remarks, and demonstrated discriminatory behavior towards me. She progressively accused me of misconduct. With out cause she accused me of "stealing" and "hustling" inmate Butler ; Making "wire" in a bio-bin (under a camera, in front of a Nurses station); and she also accused me of taking inmate Johnson's_

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: _D. Reed_     DATE: _12/7/20_  TIME: _1 34 am_

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: _12/11/20_ TIME: _10.38_

GRIEVANCE RESPONSE: _____

_____

_____

_____

_____

CASEWORKER SIGNATURE: _____ DATE: _____

____ GRIEVANCE UPHELD ____ GRIEVANCE DENIED ____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: _____ DATE: _2/12/2021_

_____ INMATE AGREES _____ INMATE DISAGREES

INMATE SIGNATURE: _Breed_     DATE: _2-23-21_

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

DEC 0 8 2020

NNCC

_Recd 12/8/20_

_@ 3:35_

A-070

DOC 3091 (12 / 01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Dashod Reed.    I.D. NUMBER: 1106921

INSTITUTION: NNCC    UNIT #: 5

GRIEVANCE #: _____    GRIEVANCE LEVEL: informal

GRIEVANT'S STATEMENT CONTINUATION:    PG. 2 OF 3

medication. There was no evidence for these allegations - and although the other porter Taaffe had opportunity to commit the same misconduct she accused me of, she never accused him. The only objective differ- ence between me and Taaffe is he's white, and I'm black. She talks about the sexual energy needed, and the sexual benefits of her being married to someone 15 years her junior. (nearly caus- ing me to vomit), and instant distress from the mental picture. During another conversation she told me her husband "Adam could'int cook" but went on to talk about how he pleases her sexually - and that he is "black from the waist down".

Nurse Jeanie also told me I give her "Shady vibes" like Sam (a black nurse) who she refers to as "The Pervert"

Remedy: I want to file a PREA claim against Jeanie - because I never gave her the slightest inclination it was okay to talk to me about her sex life, or the size of

Original:    Attached to Grievance
Pink:    Inmate's Copy

# NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Dashod Reed                    I.D. NUMBER: 1106921

INSTITUTION: NNCC                    UNIT #: 5

GRIEVANCE #: _____    GRIEVANCE LEVEL: informal

GRIEVANT'S STATEMENT CONTINUATION:    PG. 3   OF 3

her husbands penis. Also, I have never disrespected Jeanie,
I want her disciplined for the racial discrimination that
lacks justification - I would like to know in your response
why I was constanty accused by Jeanie, and she falsely
reported these things to Unit officers. If race is
not reason for the "Shady vibes" - I would like to know
what is?

In addition to this can you please forward
the content of this complaint to the Nursing
Board.

Original:    Attached to Grievance
Pink:        Inmate's Copy

**EXHIBIT** 2

The Plaintiff, Dashod Reed's
GRIEVANCE No. 2006 311 1774
(first level) against Defendant
Jeanie

SUBMITTED: February 23, 2021

**EXHIBIT** 2



# State of Nevada
# Department of Corrections

INMATE GRIEVANCE REPORT                2 A4A

**ISSUE ID#**  20063111774                          **ISSUE DATE:**  12/11/2020

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| REED, DASHOD EVEREST | 1106921 | RTRN_L1 | DRICHARD |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 1 | 03/10/2021 | 4 | Partially Granted | DRICHARD | A |

| INMATE COMPLAINT |
|---|

| OFFICIAL RESPONSE |
|---|
| Mr. Reed, per AR 740.03(2), all PREA related grievances involving staff are referred immediately to the Inspector General's office. This was done at the informal level. Your second stated remedy is to report a staff member to their licensing board. It is your right to make a complaint to any licensing board you wish; however, it is not the NDOC's responsibility to do this for you. |

_D. Richardson_  6QA51
GRIEVANCE RESPONDER

_D. Reed_
3.18.21

---

A-005



Log Number _2006311774_

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Dashrod Reed                              I.D. NUMBER: 1106927

INSTITUTION: NNCC                               UNIT: 2A
                                                2006311774

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER _____ , IN A FORMAL
MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED
FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: D. Reed                       DATE: 2·23·21

WHY DISAGREE: I have long-ago come to the conclusion
that staff rarely finds (other) staff guilty of
misconduct. EVERYTHING I alleged in my infor-
mal grievance is 100% true. Nurse Jeanie's
harassment toward me became so blatant

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 3/4/21

FIRST LEVEL RESPONSE: _____

_____

_____

_____

                    PARTIALLY  GRANTED

_____ GRIEVANCE UPHELD  _X_ GRIEVANCE DENIED _____   ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____ TITLE: Dows·L  DATE: 3/11/21

GRIEVANCE COORDINATOR SIGNATURE: _____   DATE: 3/17/2021

_____ INMATE AGREES          INMATE DISAGREES

INMATE SIGNATURE: D. Reed                        DATE: 3/18·21

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE
PURSUED IN THE EVENT THE INMATE DISAGREES.

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

**RECEIVED**

FEB 26 2021

NNCC

MAR 08 2021

RMF

DOC 3093 (12/01)  A-006

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Dashod Reed          I.D. NUMBER: 1106921

INSTITUTION: NNCC          UNIT #: 2A

GRIEVANCE #: _____          GRIEVANCE LEVEL: 1st

GRIEVANT'S STATEMENT CONTINUATION:  PG. 2 OF 3

and irritating even custody officers would ask
me "what did I do to her?"; Officers such as
Sencion, Stenerson, and officer Matteson who
asked me to "stay away from her as best as
I could" because she "had it out for me." She
constantly made sexually inappropriate remarks
even after I told her "I did not want to hear
that." I am certain she is a racist and will
not have a reasonable answer why she harassed
me, even falsely reporting to officers misconduct
regarding me that never happened. I enjoyed
my job in 8A but had to change job
assignments out of fear she may succeed
in her campaign of harassment. There
is not an iota of evidence or legitamacy
to her claims aside from discrimination.

Original:    Attached to Grievance
Pink:        Inmate's Copy

A-057

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Dachod Reed         I.D. NUMBER: 1106921

INSTITUTION: NNCC          UNIT #: 2A

GRIEVANCE #: _____   GRIEVANCE LEVEL: 1st

GRIEVANT'S STATEMENT CONTINUATION:    PG. 3 OF 3

And there is NEVER an excuse for sexual
misconduct / harassment in fact the PREA
act states: "The Department shall take
a pro-active approach regarding the prevention,
detection, response and punishment of any
type of sexual misconduct." Her racial discrim-
ination was not a narrowly tailored plan for
legitimate penological interest but meant
to harass and express her personal
feelings toward black people.
    Remedy: Can you please give me
Nurse Jeanies' reason for false reports; and
"shady vibes" comment as well as forward
the content of this complaint to the
Nevada board of Nursing. Thank you!

Original:    Attached to Grievance
Pink:        Inmate's Copy

**EXHIBIT** 3

The Plaintiff, Dashod Reed's
GRIEVANCE No. 2006 311 1774
(second level) against Defendant
Jeanie.

SUBMITTED: MARCH 21st, 2021

**EXHIBIT** 3



# State of Nevada
# Department of Corrections

INMATE GRIEVANCE REPORT

2B4A

**ISSUE ID#**   20063111774                    **ISSUE DATE:**   12/11/2020

| INMATE NAME | | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|---|
| REED, DASHOD EVEREST | | 1106921 | RTRN_L2 | MMINEV |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 2 | 04/06/2021 | | Resolved | LVFLORES | INACTIVE |

| INMATE COMPLAINT |
|---|

| OFFICIAL RESPONSE |
|---|

Mr. Reed,
You have taken action by reporting this issues to the Caseworker and it appears your complaint was forwarded to the Inspector General?s Office for review. If the IGs office deems the complaint reportable they will contact the Nevada State Board of Nursing for nursing practice concerns who will then conduct their independent review. Grievance resolved.

_Michael Miner , M.D._

GRIEVANCE RESPONDER

_D. Reed_
_4.20.21_

MED

LOG NUMBER: 20063111774

## NEVADA DEPARTMENT OF CORRECTIONS
### SECOND LEVEL GRIEVANCE

NAME: Dashod Reed                    I.D. NUMBER: 1106921

INSTITUTION: NNCC                    UNIT: 2B-4A

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 20063111774 _____ , ON THE
SECOND LEVEL. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION
IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: D. Reed                    DATE: 03.27.21

WHY DISAGREE: Who ever responded at the [strikethrough] first level
who I assume is Nurse Jeanies boss) should Know full
well that as her employer you have ethical responsibility
to report misconduct from your staff, as well, to the
licensing board; I have not falsified or exaggerated

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 3/23/21

SECOND LEVEL RESPONSE: _____

_____

_____

_____

✓ __ GRIEVANCE UPHELD __ [resolved] __ GRIEVANCE DENIED ____ ISSUE NOT GRIEVABLE PER AR 740

SIGNATURE: Michael Miner, M.D.    TITLE: Medical Director    DATE: 4/6/21

GRIEVANCE COORDINATOR SIGNATURE: [signature] (rw)    DATE: 4/14/21

INMATE SIGNATURE: _____    DATE: 4.20.21

### THIS ENDS THE FORMAL GRIEVANCE PROCESS

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

MAR 23 2021

NNCC

GA P/LL
3/22/21

A-002-

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Dashool Reed   I.D. NUMBER: 1106921

INSTITUTION: NNCC   UNIT #: 2B 4A

GRIEVANCE #: 2006711774   GRIEVANCE LEVEL: 2nd

GRIEVANT'S STATEMENT CONTINUATION:   PG. 2 OF 3

anything in my grievance. I lived in Unit 8A for 7 months - losing canteen privilleges, yard privilleges, and giving up a semester of college too. majority of the 7 months I was harassed by Nurse Jeanie; + discriminated against at a level that irritated and become burdensome to Officers. At the second level factual allegations I allege you still have not responded to my remedy inquiring what narrowly tailored plan/legitimate penological interest did her harassment and discrimination serve? I asked Jeanie atleast 4 times to "stop" and even spoke with Case-worker Conlin about this issue. I understand your silence on that question - I simply want to work and mind my own business

Original:   Attached to Grievance
Pink:   Inmate's Copy

A-003

**NEVADA DEPARTMENT OF CORRECTIONS**
**GRIEVANT'S STATEMENT CONTINUATION FORM**

NAME: Dashod Reed          I.D. NUMBER: 1106921

INSTITUTION: N N C C          UNIT #: 2B 4A

GRIEVANCE #: 20063111774          GRIEVANCE LEVEL: 2nd

GRIEVANT'S STATEMENT CONTINUATION:    PG. 3    OF 3

a fair + accurate investigation and that
all attempts at/and retaliation
stop immediately.

I am again asking in my

remedy: Can you "please" give me

Nurse Jeanie's purpose for false rep-

orts + "shady vibes" comments and

please fulfill your ethical responsibility

and forward the contents to the
Nevada Board of Nursing! -thank you!

Original:     Attached to Grievance
Pink:         Inmate's Copy

**EXHIBIT** 4

The Plaintiff, Dashod Reed's informal complaint to Investigator/Abeloe raising concerns of planned retaliation acts; and ongoing harassement.

SUBMITTED: February 1st, 2021

(signed by officer J. Torres)

**EXHIBIT** 4

## INMATE REQUEST FORM

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Dashard Reed | 1106121 | =A 4A  2A | 1-8-21 |

4. )  REQUEST FORM TO:  (CHECK BOX)          ___MENTAL HEALTH          ___CANTEEN

___CASEWORKER          ___MEDICAL          ___LAW LIBRARY          ___DENTAL

___EDUCATION          ___VISITING          ___SHIFT COMMAND

___LAUNDRY          ___PROPERTY ROOM          _X_OTHER_____

5.) NAME OF INDIVIDUAL TO CONTACT: Investigator / Noble

6.) REQUEST:  (PRINT BELOW) Investigator Noble — It has been brought to my attention. I am under Investigation (again). I want to ask that you please preserve all information from which your investigation stems from incase of potential future litigation. In 2019 when your investigation concluded with you not being able to factually produce evidence that showed I was selling drugs, you did a cell search under the guise of searching for drugs and took my personal property and wrote me up for excessive property

7.) INMATE SIGNATURE ___Reed_____ DOC # __1106129__

8.) RECEIVING STAFF SIGNATURE _____ DATE _2-1-21_

*********************************************************************************

### 9.) RESPONSE TO INMATE

_____

_____

_____

_____

_____

_____

_____

10.) RESPONDING STAFF SIGNATURE _____ DATE _____

DOC - 3012 (REV. 7/01)

LEGAL

COPY ① ↓ 2

## INMATE REQUEST FORM

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Dashod Reed | 1106921 | 2A·4A | 1·28·21 |

4.) REQUEST FORM TO: (CHECK BOX)        ___MENTAL HEALTH        ___CANTEEN

___CASEWORKER        ___MEDICAL        ___LAW LIBRARY        ___DENTAL

___EDUCATION        ___VISITING        ___SHIFT COMMAND

___LAUNDRY        ___PROPERTY ROOM        X OTHER _____

5.) NAME OF INDIVIDUAL TO CONTACT: Investigator / Abeloe

6.) REQUEST: (PRINT BELOW) Investigator Abeloe — It has been brought to my attention; I am "under Investigation" (again). I want to ask that you please preserve all information from which your investigation stems from incase of potential future litigation. In 2019 when your investigation concluded with you not being able to factually produce evidence that showed I was "selling drugs" you did a cell search under the guise of "searching for drugs" and took my personal property and wrote me up for excessive property

7.) INMATE SIGNATURE: Reed        DOC # 1106929

8.) RECEIVING STAFF SIGNATURE (original signed by officer) DATE 2/1/21

## 9.) RESPONSE TO INMATE

10.) RESPONDING STAFF SIGNATURE _____ DATE _____

instead of concluding what you were Investigating was not confi-
-med through careful observation, or systematic Inquiry - The
rudimentary definition of Investigator. Taking and destroying
Inmates personal effects - because you don't draw the conclu-
sion you desire; is not the purpose of an Investigation, nor
is it a Investigative tactic.

I have NEVER sold drugs during my Incar-
-ceration, and neither is there any evidence to the contrary.

I just ask for a fair and accurate Investigation
Mr. Abeloe I am writing you because of the fact
that I am aware the retalliatory, and harassment
tactics deployed here.

I request that also no retalliatory write-ups
or cell searches be made against me; for a fair Inves-
tigation - and that you document and preserve any
information you use to draw any conclusion you come
to in this Investigation.

Your Investigation should result in a MJ-53;
or me being allowed to proceed with my sentence,
with-out undue burden of harassment or retalliation.
as mentioned above.

B-002

**EXHIBIT 5**

Email from Defendant Conlin to
Olivia Agle transferring the
Plaintiff to a new job assign-
ment in medical building; One
day after, recieving Pldintiff's
(first level) Grievance No. 2006 3H 1774

**EXHIBIT 5**

Reed 1106921

You were hired as a RMF Worker on April 4, 2019. In that time period you have had the opportunity to work in many areas of the RMF. This is to inform you that you have been scheduled to start work in the RMF MHU 8B. You will start on Wednesday, March 10, 2021. Please arrive at 8B right after the 5 AM count has cleared.

Thank you

Conlin CCSII

C-001

**EXHIBIT** 6

Plaintiff, Dashod Reed's
correspondence with Defendant,
Perry Russell. Alerting Russell to
staff's allegations; and requesting
him to stop the "ongoing
retaliation" against him.

SUBMITTED: MARCH 11, 2021

**EXHIBIT** 6

**Received**

INMATE REQUEST FORM

MAR 1 2 2021

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Dashod Reed | 1106921 | 2A 4A | Warden- NNCC 3- |

4. ) REQUEST FORM TO: (CHECK BOX)

___CASEWORKER    ___MEDICAL    ___MENTAL HEALTH    ___CANTEEN

___EDUCATION    ___VISITING    ___LAW LIBRARY    ___DENTAL

___LAUNDRY    ___PROPERTY ROOM    ___SHIFT COMMAND

     (X)OTHER_____

5.) NAME OF INDIVIDUAL TO CONTACT: Warden Perry

6.) REQUEST: (PRINT BELOW) Warden Perry, I filed a grievance #2006311774; and based on this grievance I was told by staff that they were told by you to "get me", and that I "should quit". Warden Perry I have not done anything wrong; I have been working in the infirmary for 2 years and have never had a complaint about my work performance. If as you say "staff is uncomfortable around me" it is due to my ability to organize my thoughts and effectively communicate their misconduct. In my 2 years I have not disrespected staff; nor have I not done anything

7.) INMATE SIGNATURE D. Reed      DOC # 1106921

8.) RECEIVING STAFF SIGNATURE _____ DATE 3/11/21

9.) RESPONSE TO INMATE

I have not said anything about you or concerning you to anyone. Who told you this? The grievance should go through the process.

10.) RESPONDING STAFF SIGNATURE _____ DATE 3/15/21

C-002

DOC - 3012 (REV. 7/01)

2

I was asked to do. Certainly if I have, I would not be working in the Infirmary for "2" years.

Davis V. Goord, 320 F.3d 346 (2nd Circuit. 2003) determined that the 1st Amendment protects the pursuance of grievances, Furthermore Caldwell V. Miller, 790 F.2d 589, 609-10 (7th Circuit 1986) states [A]n agency must conform its actions to the procedures that it has adopted, ... [because inmates have] the right to expect prison officials to follow [agency] policies and regulations.

Mr. Perry, I spoke with Staff in 8A, and Nurse Jeanie several time trying to informally resolve this issue prior to filing a grievance — the behavior persisted. Despite Officers reviewing cameras and seeing Nurse Jeanie had falsely reported to them, even after she falsely accused me of stealing from inmates in 8A; and also accused me of taking other inmates medicine, making pruno — In addition to taking unit supplies. All of which was not true; neither did Nurse Jeanie have any evidence regarding things she alleged — she began this after I told her for the 4th time "I did not want to hear that" and asking her to "please, stop", in response to her sexual comments.

It is conveniently timed that staff say they are "Uncomfortable around me", after I filed a grievance and despite I have been working in infirmary for 2 years with-out incident.

I simply want to work and mind my own business — if I did something wrong by filing a grievance, and staff is allowed to talks to me sexually — and falsely report (campaigning for retalliation), then I apologize. But your own A.R.'s, PREA (warnings) are to instill safeguards against such misconduct.

Every letter, word, and sentence I put in my grievance #

3

2006 3111774 was absolutely true - and somehow I have the ominous, and familiar feeling it is me being Investigated and about to be punished for utilizing conduct that the paramount Constitution of the United States' 1st Amendment makes provisions for.

Warden Perry I just want to continue to work - without the fear of retaliation. I have been reassigned and since moving out of 8A have'nt had "any" problems.

I'm asking that you please stop the ongoing effort to retalliate against me for using protected conduct as cited earlier.

I do not want to sue; I just want to be left alone and have the veracity of my grievance investigated fairly.

# 1106921
3-10-21

C-004

**EXHIBIT** _7_

Informal Complaint from Plaintiff,
Dashod Reed to Sgt. Woods
regarding/requesting Inventory
form and/or Unauthorized
Form (required by Department
Regulations). Submitted July 24, 2021

**EXHIBIT** _7_

**INMATE REQUEST FORM**

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Dashod Reed | 110692 | 7B 49 | 07-24-21 |

4. ) REQUEST FORM TO: (CHECK BOX)        ___MENTAL HEALTH        ___CANTEEN

___CASEWORKER        ___MEDICAL        ___LAW LIBRARY        ___DENTAL

___EDUCATION        ___VISITING        ___SHIFT COMMAND

___LAUNDRY        _X_PROPERTY ROOM        ___OTHER_____

5.) NAME OF INDIVIDUAL TO CONTACT: Property Room Sgt.

6.) REQUEST: (PRINT BELOW) I need a copy of the most recent ~~copy~~ Inventory sheet put in my property file please.

— Thanks you.

I never got the recent Unauthorized Or Inventory sheet of me being moved to Ad-Seg.

7.) INMATE SIGNATURE Reed        DOC # 110692

8.) RECEIVING STAFF SIGNATURE _____ DATE _____

**9.) RESPONSE TO INMATE**

The items in question have been booked into Evidence. The Noc/oic will serve as your notification.

10.) RESPONDING STAFF SIGNATURE Sgt.        DATE 7/28/21

B-008

DOC - 3012 (REV. 7/01)

**EXHIBIT** _8_

(Second) Informal Complaint
to Sgt. Woods

SUBMITTED: August 9th, 2021

**EXHIBIT** _8_

## INMATE REQUEST FORM

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Dashad Reed | 1106921 | ? 49 | August 9th 2021 |

4. ) REQUEST FORM TO: (CHECK BOX)          ___MENTAL HEALTH          ___CANTEEN

___CASEWORKER          ___MEDICAL          ___LAW LIBRARY          ___DENTAL

___EDUCATION          ___VISITING          ___SHIFT COMMAND

___LAUNDRY          ☒PROPERTY ROOM          ___OTHER_____

5.) NAME OF INDIVIDUAL TO CONTACT: Sgt. Woods

6.) REQUEST: (PRINT BELOW) Sgt. Woods, I hate to bother you again - but I got your last response and you stated it is the inmates responsibility to comply with A.R. 711- A.R. 711 states excessive property is property which can not be stored properly this property was taken out of Institutional foot locker issued by the Institution (with the exception of some of the books) and was therefore "stored properly", my area was searched a week prior to transfer and that officer did not take or consider my property excessive.

7.) INMATE SIGNATURE _____D. Reed_____ DOC # 1106921

8.) RECEIVING STAFF SIGNATURE _____ DATE _____

### 9.) RESPONSE TO INMATE

I have spoken w/ the Officers that conducted your inventory. They have stated that the items were excessive.

10.) RESPONDING STAFF SIGNATURE _____Sgt. JW_____ DATE 8/12/21

DOC - 3012 (REV. 7/01)

1 - 7b

**EXHIBIT** 9

(Third) Informal complaint/
correspondence with Sgt.
Woods.

SUBMITTED: 9/30/21

**EXHIBIT** 9

INMATE REQUEST FORM

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Dashod Reed | 1106921 | B.49 | 9/30/21 |

4. ) REQUEST FORM TO: (CHECK BOX)        ___MENTAL HEALTH        ___CANTEEN

___CASEWORKER        ___MEDICAL        ___LAW LIBRARY        ___DENTAL

___EDUCATION        ___VISITING        ___SHIFT COMMAND

___LAUNDRY        X PROPERTY ROOM        ___OTHER_____

5.) NAME OF INDIVIDUAL TO CONTACT: _____ Sgt. Woods _____

6.) REQUEST: (PRINT BELOW) Dear Sgt Woods: I spoke with Sgt. Lt. Miller regarding my property and he told me I could resolve the issue with you — the only property you have of mines that could have been considered "excessive" is the book/s I showed Lt. Miller my personal box (empty) and there is plenty room in my institutional locker can you please come speak w/ me.

7.) INMATE SIGNATURE _____ Reed _____        DOC # 1106921

8.) RECEIVING STAFF SIGNATURE _____        DATE _____

9.) RESPONSE TO INMATE

You're items are connected to a Notice of Charges. The Officers who inventoried your property stated the items were excessive. You are alotted 1 personal tub & 1 personal box per AR 711. Your Disciplinary Hearing will determine the outcome of the Property.

10.) RESPONDING STAFF SIGNATURE _____ Sgt. W _____        DATE 10/4/21

**EXHIBIT** 10

Correspondence with Defendant
Miller and Plaintiff, Dashod
Reed

SUBMITTED: October 3rd, 2021

**EXHIBIT** 10

INMATE REQUEST FORM

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Dashod Reed | 1106921 | 7B.49 | 10.3.21 |

4.) REQUEST FORM TO: (CHECK BOX)     ___MENTAL HEALTH     ___CANTEEN

___CASEWORKER     ___MEDICAL     ___LAW LIBRARY     ___DENTAL

___EDUCATION     ___VISITING     ___SHIFT COMMAND

___LAUNDRY     ___PROPERTY ROOM     ___OTHER Lt.

5.) NAME OF INDIVIDUAL TO CONTACT: Lt Miller

6.) REQUEST: (PRINT BELOW) Lt. Miller: I was just writing you to let you know I wrote Sgt. Woods about our conversation just in-case he writes you, so you wont think I'm trying to do anything crafty

    You dont have to write back

    Thank you,

7.) INMATE SIGNATURE _____ DOC # 1106921

8.) RECEIVING STAFF SIGNATURE _____ DATE 6/4/21

9.) RESPONSE TO INMATE

Thank you. I'm having the confiscated property brought to the unit so we can "discuss" the disposition.

    Lt Miller
    10-4-21

10.) RESPONDING STAFF SIGNATURE _____ DATE _____

DOC - 3012 (REV. 7/01)

**EXHIBIT** 11

Correspondence with (Caseworker)
Ms. Adams stating as of
11/24/21, the Plaintiff
Dashod Reed was "still
under investigation"
SUBMITTED: November 21, 2021
and November 24, 2021

**EXHIBIT** 11

INMATE REQUEST FORM

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Dashod Reed | 1106921 | 7B-26A | 11-21-21 |

4. ) REQUEST FORM TO: (CHECK BOX)

_X_CASEWORKER ___MEDICAL ___MENTAL HEALTH ___CANTEEN

___LAW LIBRARY ___DENTAL

___EDUCATION ___VISITING ___SHIFT COMMAND

___LAUNDRY ___PROPERTY ROOM ___OTHER_____

5.) NAME OF INDIVIDUAL TO CONTACT: Ms Adams

6.) REQUEST: (PRINT BELOW) Ms. Adams — I was writing you again, to see if you contacted the Investigators; to see what was going on with the Investigation? I also wanted to know how many yard points I have?

7.) INMATE SIGNATURE D. Reed DOC # 1106921

8.) RECEIVING STAFF SIGNATURE _____ DATE _____

9.) RESPONSE TO INMATE

nothing about the investigation itself but was told you are still under investigation as of 11/24/21 yard points = 7 you may want to kite Abelce

10.) RESPONDING STAFF SIGNATURE _____ DATE 11/24/21

DOC - 3012 (REV. 7/01)

INMATE REQUEST FORM

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Dashad Reed | 1106921 | 7B 26 | 11/24/21 |

4.) REQUEST FORM TO: (CHECK BOX)

X CASEWORKER   ___MEDICAL   ___MENTAL HEALTH   ___CANTEEN

___LAW LIBRARY   ___DENTAL

___EDUCATION   ___VISITING   ___SHIFT COMMAND

___LAUNDRY   ___PROPERTY ROOM   ___OTHER_____

5.) NAME OF INDIVIDUAL TO CONTACT: Ms Adams

6.) REQUEST: (PRINT BELOW) Dear Ms. Adams:
Can you please check on my "Investigation" and see
what's going on, I spoke with Ms. Childers today
(11/24/21) and she told me to speak with you
about contacting the I.G office to see why
I have been in Ad-Seg for 5 months? Also,
how do we access the Law Library, I wrote
Ms. Brannon on the 9th and haven't got a response.

7.) INMATE SIGNATURE _____ DOC # _____

8.) RECEIVING STAFF SIGNATURE _____ DATE _____

9.) RESPONSE TO INMATE

I sent an email to your
investigators to see if you are
still pending. You may want to
like them to speak to them.

_____

_____

10.) RESPONDING STAFF SIGNATURE _____ DATE 11/29/2

DOC - 3012 (REV. 7/01)

EXHIBIT 12

DECLARATION UNDER PENALTY
OF PERJURY FROM: CHRISTOPHER
DILLON (AKA "FLAME")

Executed: January 6th, 2022

EXHIBIT 12

**AFFIDAVIT**

State of Nevada)
                  : ss.
Carson City    )

    I, CHRISTOPHER DILLON , the undersigned, do hereby swear, under penalty of

perjury, that the following assertions are true and correct to the best of my knowledge:

    1.  I CHRISTOPHER DILLON #75673 NEITHER UNDER MY OWN VOLITION OR UNDER THE INSTRUCTION OF (ASHOE) REED HAVE SOLD, BARTERED OR TRADED DRUGS. IN ADDITION TO THIS I HAVE NEVER FACILITATED OR EXECUTED A DRUG TRANSACTION WITH KEVIN GILL ON MY OWN VOLITION, OR FOR THE BENEFIT OR PURPOSE OF (ASHOE) REED.

Executed on this **6th** day of **January**, 20**22**, at Northern Nevada Correctional

Center, Carson City, Nevada, under penalty of perjury, in accordance with Nevada Revised

Statute 208.165. (Execution of instrument by a prisoner) and 28 USCS 1746.

                                    (Signature)

**EXHIBIT** _13_

Correspondence with Investigator
General ("IG") office requesting
a polygraph test.

SUBMITTED: January 18th, 2022

**EXHIBIT**_____

7B 206A  -  DOC- 1704

## INMATE REQUEST FORM

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Dasrod Reed | 1106121 | 7B.26A | 1/8/22 |

4. )  REQUEST FORM TO:  (CHECK BOX)        ___MENTAL HEALTH        ___CANTEEN

___CASEWORKER        ___MEDICAL        ___LAW LIBRARY        ___DENTAL

___EDUCATION        ___VISITING        ___SHIFT COMMAND

___LAUNDRY        ___PROPERTY ROOM        ◯OTHER_____

5.) NAME OF INDIVIDUAL TO CONTACT: ~~██████~~ I.G. office

6.) REQUEST: (PRINT BELOW) I spoke with officer Zacharias today and he told me that you guys can perform polygraph test - I would like to take (1) NO staff member has Introduced drugs to the faulity for me and I NEVER sold Kevin/Gill drugs directly or through a 3rd party. Can you please give me and Kevin/Gill polygraph test.

7.) INMATE SIGNATURE _____D. Reed._____        DOC # 1106121

8.) RECEIVING STAFF SIGNATURE _____ DATE _____

*************************************************************

### 9.) RESPONSE TO INMATE

At this time, the NDoC will not be providing a polygraph exam for this subject

10.) RESPONDING STAFF SIGNATURE _____        DATE 2.2.22

DOC - 3012 (REV. 7/01)

**EXHIBIT** 14

Notice of Charges ("NOC") awarded
to Plaintiff, Dashad Reed by
Defendant Cottrin on July 27, 2021

(3 days after Plaintiff complained;
see; exhibits 7-9)

**EXHIBIT** 14



# State of Nevada
# Department of Corrections
## DISCIPLINARY FORM I
## NOTICE OF CHARGES

| INMATE INFORMATION | VIOLATION INFORMATION |
|---|---|

**INMATE NAME:** REED, DASHOD 1106921

**CURRENT LOCATION** NNCC-U7-B-49-A; : ;NC

**OIC#:** 498351   **IR#:** IR-2021-NNCC-001982

**CHARGING EMPLOYEE** Coltrin

**DATE OF INCIDENT:** 07/27/2021

**DATE CHARGES WRITTEN:** 07/27/2021

### CHARGES AND EVIDENCE

| Chrg | Description | Evidence | Evidence Disposition |
|---|---|---|---|
| G14: | Failure to Follow Rules and Regs | | |

### REPORT OF VIOLATION

During a property roll up for inmate Reed, Dashod # 1109621 excess items are as follows:

1 altered jeans, 1 blue polo shirt, 1 suspenders, 2 velcro straps, 1 gloves, 2 pillows, 2 pillow cases, 20 books, 1 headphones, 39 bags food, 3 boxes of food, 56 soap, 8 toothpaste, 11 deodorant, 15 shampoo/conditioner, 8 body wash, 15 lotion, 5 mouth wash, 4 dish soap, 10 hair product, 4 lip balm, 6 fish oil, 1 laundry soap, 2 broken pair of glasses/cases, 3 highlighters, 1 expo marker, 1 face cream, 1 work boots, 1 altered state sheet, 1, loofa. End of report.

| CHARGING EMPLOYEE SIGNATURE | SUPERVISOR SIGNATURE |
|---|---|
| | S.Ch |

| SERVICE OF NOTICE OF CHARGES | DISTRIBUTION |
|---|---|

**DATE OF SERVICE:** _____ **TIME OF SERVICE:** _____

**PRINTED NAME OF HEARING OFFICER** _____

**SIGNATURE OF HEARING OFFICER** _____

**SIGNATURE OF INMATE** _____

(Signature indicates receipt of notice only. It is not a plea; refusal to sign should be noted)

Primary Hearing Officer (Original)

Charging employee (Copy)

Inmate (Copy)