**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

DASHOD REED,

              Plaintiff,

    v.

PERRY RUSSELL, et al.,

              Defendants.

Case No. 2:22-cv-00537-RFB-BNW

**ORDER**

Before the Court is Plaintiff's Ex Parte Motion for Service by Publication. ECF No. 54. The Court finds that Plaintiff meets the requirements for service by publication and that good cause exists for extension of the service deadline. The Court therefore grants the Motion.

## I.    BACKGROUND

Plaintiff initiated a case against multiple defendants, including Defendant Jeanie Kyle-Ellender, asserting (among others) a First Amendment Retaliation claim. *See generally* ECF No. 16. The Court screened the operative complaint and found that Plaintiff had plausibly alleged a First Amendment Retaliation claim against Defendant Kyle-Ellender. ECF No. 15 at 11.

The Nevada Attorney General's Office did not accept service for Defendant Kyle-Ellender but provided her last-known address under seal. *See* ECF Nos. 29, 30. Plaintiff issued a proposed summons for Defendant Kyle-Ellender, and the Court instructed him to fill out a USM-285 form and return it to the U.S. Marshals Service. ECF Nos. 31, 35, 44. Though Plaintiff returned the form and indicated that Defendant Kyle-Ellender's address was filed under seal, the USMS was unable to effect service. *See* ECF Nos. 50, 51. The summons returned unexecuted because the USMS had three unsuccessful attempts at Defendant Kyle-Ellender's last-known address. *See id.*

The Court directed Plaintiff that given the unsuccessful service attempts, he must file a motion indicating whether some other manner of service should be attempted. ECF No. 52. Plaintiff filed the underlying motion, with an attached affidavit, requesting that the Court allow him to serve Defendant Kyle-Ellender by publication. ECF No. 54.

1    **II.    ANALYSIS**

2        **A.  Service by Publication**

3        The Constitution does not require any particular means of service of process. *Rio Props.,*

4    *Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover*

5    *Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably

6    calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is

7    governed by Rule 4 of the Federal Rules of Civil Procedure.

8        Rule 4(e) governs service of individuals located within a judicial district of the United

9    States. FED. R. CIV. P. 4(e). It provides that service is proper by serving an individual in

10   accordance with law of the state where the district court is located. FED. R. CIV. P. 4(e)(1). This

11   Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in

12   turn, allow for service by publication. NEV. R. CIV. P. 4.4(c).

13       A litigant who desires to effect service by publication must meet eight requirements. NEV.

14   R. CIV. P. 4.4(c). The litigant must (1) establish that "the service methods provided in [NRCP]

15   4.2, 4.3, and 4.4(a) and (b) are impracticable";[1] (2) demonstrate that the defendant cannot, after

16   due diligence, be found, or that the defendant seeks to avoid service of process through

17   concealment; (3) establish through pleadings or other evidence that a cause of action exists

18   against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the

19   action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the

20   defendant; (6) provide the proposed language of the summons to be used in the publication,

21   briefly summarizing the claims asserted and the relief sought; (7) suggest one or more

22   newspapers in which the summons should be published that are reasonably calculated to give the

23   defendant actual notice; and (8) provide the defendant's last-known address, the dates during

24   _____

25   [1]NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a
     copy of the summons and complaint to the individual personally, leaving the copies at the

26   individual's dwelling with a person of suitable age and discretion, or delivering the copies to an
     agent authorized by appointment or by law to receive service of process. NEV. R. CIV. P. 4.2(a);

27   FED. R. CIV. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or
     outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And

28   NRCP 4.4(b) governs service "through any alternative service method."

which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NEV. R. CIV. P.4.4(c).

In his Motion and accompanying affidavit, Plaintiff explains that because he is pro se and proceeding *in forma pauperis*, he attempted to serve Defendant Kyle-Ellender through the USMS. ECF No. 54 at 2, 6. He details that after the Attorney General's Office provided Defendant Kyle-Ellender's address under seal, he filled out and returned the required USM-285 form to the USMS, which unsuccessfully attempted service three times her last-known address. *Id.* He further notes that because her address is under seal, his efforts to locate alternative addresses for Defendant Kyle-Ellender have been limited. *Id.* at 2. Thus, he submits that despite public records searches, he has been unable to determine other addresses for Defendant Kyle-Ellender. *Id.* at 2, 6. Instead, Plaintiff states that he has only been able to determine Defendant Kyle-Ellender's employer through his search. *Id.* at 2 n.1. Given his inability to determine the city or county of Defendant Kyle-Ellender's last-known address, or potential current address, Plaintiff asks that he be able to publish a copy of the summons and complaint "in any major newspaper or periodical in the respective county which was provided under seal." *Id.* at 4.

Based on Plaintiff's submissions, the Court will grant his Motion because it satisfies the eight requirements imposed by NRCP 4.4(c). As to the first requirement, Plaintiff has established that the service methods in NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable. Beginning with NRCP 4.2, it is evident that personal or substitute service upon Defendant Kyle-Ellender is impracticable at this juncture because Plaintiff diligently attempted to locate Defendant Kyle-Ellender and her current dwelling to no avail. Service under NRCP 4.3 is likewise impracticable because that provision governs service of persons located outside Nevada or the United States, but Defendant Kyle-Ellender's last-known address indicates that she is located in Nevada. Further, service under NRCP 4.4(a) is inapplicable and therefore impracticable because there exists no statute that requires service upon Defendant Kyle-Ellender in a particular manner. Finally, service under NRCP 4.4(b) is also impracticable. Although NRCP 4.4(b) allows for service by email, Plaintiff has been unable to discern an email for Defendant Kyle-Ellender

through his public records searches. Therefore, Plaintiff satisfies the first requirement because he has shown that the service methods under NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable.

Additionally, the Court finds that Plaintiff has satisfied the second, fifth, and eighth requirements. Plaintiff's Motion and its supporting affidavit demonstrates that Plaintiff complied with the Court's prior orders and returned the USM-285 form to the USMS. The USMS was unable to serve Defendant Kyle-Ellender at her last-known address, which was provided under seal by the Attorney General's Office, despite three attempts. Plaintiff, who is pro se and proceeding *in forma pauperis*, searched public records in an attempt to locate a new address for Defendant Kyle-Ellender, but was unsuccessful. Plaintiff's Motion, therefore, establishes NRCP 4.4(c)'s second, fifth, and eighth requirements because it: (1) shows that Plaintiff exercised due diligence but could not locate Defendant Kyle-Ellender, (2) sets forth specific facts demonstrating his efforts to locate Defendant Kyle-Ellender, (3) references Defendant Kyle-Ellender's last-known address filed under seal, and (4) establishes that Plaintiff is unaware of any other address where Defendant Kyle-Ellender resides at this time.

Regarding the third requirement, a cause of action is "[a] group of operative facts giving rise to one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019). In screening the operative complaint, the Court previously found that Plaintiff stated a plausible First Amendment Retaliation claim against Defendant Kyle-Ellender. Thus, Plaintiff meets the third requirement, too.

Further, the Court finds that, based on the operative complaint, Defendant Kyle-Ellender is a necessary and proper party to this matter because she supposedly played a central role in the alleged First Amendment Retaliation. Thus, Plaintiff meets the fourth requirement as well.

Plaintiff likewise meets the sixth requirement. NRCP 4.4 provides that a litigant who desires to serve his adversary by publication must "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought[.]" NEV. R. CIV. P. 4.4(c)(2)(C). Thus, NRCP 4.4 speaks to the content of the summons. However, the required content of summonses issued by the federal court is governed by Federal Rule of Civil Procedure 4. *See* FED. R. CIV. P. 4(a). Rule 4 is consonant with the Rules Enabling

1  Act and the U.S. Constitution because it does not "abridge, enlarge, or modify any substantive

2  right." *See* 28 U.S.C. § 2072; *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).

3  Therefore, Rule 4 "applies regardless of contrary state law." *Gasperini v. Ctr. for Humanities*,

4  518 U.S. 415, 427 n.7 (1996). Accordingly, Rule 4 will govern the content of the summons issued

5  in this case and the Court will not ask Plaintiff to modify the summons already issued for

6  Defendant Kyle-Ellender at ECF No. 45.

7      Finally, Plaintiff meets NRCP 4.4(c)'s seventh requirement because he suggested that the

8  complaint and summons be published in any major newspaper or periodical in the respective

9  county which was provided under seal. Because Defendant Kyle-Ellender's last-known address

10  was provided under seal, Plaintiff is unable to discern the particular city or county of her last-

11  known address and therefore unable to provide specific suggestions for newspapers. The Court

12  therefore deems that Plaintiff's submission regarding "the respective county which was provided

13  under seal" is sufficient.

14      In sum, the Court will grant Plaintiff's Motion to serve Defendant Kyle-Ellender by

15  publication in accordance with NRCP 4.4(c) and FRCP 4(e)(1). Additionally, however, Nevada

16  law enables the Court to order Plaintiff "to make reasonable efforts to provide additional notice . .

17  . to a defendant using other methods of notice, including certified mail, telephone, voice message,

18  email, social media, or any other method of communication.." NEV. R. CIV. P. 4.4(d)(1). Thus,

19  this Court will also order that Plaintiff send the summons and complaint to the Defendant Kyle-

20  Ellender's workplace, as identified by his public records search, by certified mail.

21      **B. Extension of Service Deadline**

22      Rule 4 provides that a plaintiff must serve a defendant "within 90 days after the complaint

23  is filed." FED. R. CIV. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to

24  extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the

25  Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United*

26  *States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time

27  for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

28

1    Courts must determine on a case-by-case basis whether the serving party has shown good

2    cause. *Id.* Generally, good cause is equated with diligence, and it requires more than the mere

3    inadvertence of counsel. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).

4    To determine whether there exists good cause, the Court can analyze whether: (1) the party to be

5    served personally received actual notice of the lawsuit, (2) defendant would suffer no prejudice

6    by the extension, and (3) plaintiff would be severely prejudiced if his complaint were dismissed.

7    *In re Sheehan*, 253 F.3d at 512.

8    Here, the Court finds that Plaintiff has shown good cause for his requested extension.

9    After the Court found that Plaintiff's First Amendment Retaliation claim survived screening, the

10    Attorney General's Office filed Defendant Kyle-Ellender's last-known address under seal.

11    Plaintiff complied with the Court's order to fill out and return a USM-285 form to the USMS.

12    The USMS attempted to serve Defendant Kyle-Ellender at her last-known address but could not

13    accomplish service despite three attempts. Plaintiff then complied with the Court's instructions to

14    file an appropriate motion for alternative service. And he has indicated in his Motion that despite

15    efforts to find an address for Defendant Kyle-Ellender through public records searches, he has

16    been unable to do so. Thus, Plaintiff has been diligent, and the Court now turns to the three

17    *Sheehan* factors.

18    The first *Sheehan* factor weighs against good cause because the record does not evince

19    that Defendant Kyle-Ellender received actual notice of the lawsuit. However, this lawsuit is still

20    in its infancy and has not advanced beyond the pleading stage. *See* ECF No. 49. Thus, the Court

21    finds that the second factor weighs in favor of good cause because Defendant Kyle-Ellender will

22    not be prejudiced by the extension. Plaintiff's Motion does not speak to the prejudice it would

23    suffer if the Court declined to enlarge the time for service, so the Court will construe this factor

24    against him. Still, the Court in its discretion finds that Plaintiff's diligence, coupled with the lack

25    of prejudice that Defendant Kyle-Ellender would suffer, constitutes good cause for the requested

26    extension.

27    Because the Court finds that there is good cause at the first step, the Court need not

28    advance to the second step.

1    **III.    CONCLUSION**

2        **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Service by Publication

3    (ECF No. 54) is **GRANTED**.

4        **IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail Plaintiff a

5    redacted copy of the summons (ECF No. 45).

6        **IT IS FURTHER ORDERED** that Plaintiff must publish the redacted summons (ECF

7    No. 45) and operative complaint (ECF No. 16) in a newspaper that publishes in Douglas County,

8    Nevada at least once a week for a period of four consecutive weeks. Service will be deemed

9    complete four weeks from the date of the first publication.

10       **IT IS FURTHER ORDERED** that Plaintiff must send a copy of the redacted summons

11   (ECF No. 45) and operative complaint (ECF No. 16) to Defendant Kyle-Ellender's workplace by

12   certified mail.

13       **IT IS FURTHER ORDERED** that the deadline for service upon Defendant Kyle-

14   Ellender is extended to and including 45 days from the issuance of this Order.

15       **IT IS FURTHER ORDERED** that within 45 days of the issuance of this Order, Plaintiff

16   must file a notice with the Court indicating that he has accomplished service by publication in

17   accordance with NRCP 4.4(c), FRCP 4(e)(1), and this Order.

18

19       DATED this 30th day of July 2024.

20                                        _____
                                          BRENDA WEKSLER
21                                        UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28