UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DASHOD REED,

    Plaintiff,

v.

PERRY RUSSELL, et al.,

    Defendants.

Case No. 2:22-cv-00537-RFB-BNW

**ORDER**

Presently before the court is pro se plaintiff Dashod Reed's motion asking this Court to reconsider its previous denial for appointment of counsel at ECF No. 27. ECF No. 56. He explains he needs counsel in order to (1) investigate what "informants" said that led to Plaintiff being held in segregation, (2) help him navigate discovery issues, and (3) (presumably) pay for service by publication.

**ANALYSIS**

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Federal courts do not, however, have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 310 (1989); see also *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (forfeiture proceedings). "The court may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (Bivens action); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (Bivens action); *Burns v. Cty. of King*, 883 F.2d 819, 824 (9th Cir. 1989) (per curiam) (§ 1983 action); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) (Section 1983 action). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789

Case 2:22-cv-00537-RFB-BNW   Document 57   Filed 08/15/24   Page 2 of 2

F.2d 1328, 1331 (9th Cir. 1986) (§ 1983 action)); *see also Palmer*, 560 F.3d at 970; *$292,888.04 in U.S. Currency*, 54 F.3d at 569*; Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (Section 1983 claims). Appointment of counsel may be justified when proceedings will go forward "more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

While it is early at this stage to evaluate the likelihood of success on the merits, the Court finds that Plaintiff properly pled several claims. The claims are not particularly complex, and the screening order provides Plaintiff with a roadmap of the elements he must prove as to each claim. While Plaintiff may be having difficulties navigating discovery, his position is no different than that of thousands other pro se plaintiffs appearing before the Court. The Court suggests Plaintiff familiarize himself with specific rules of civil procedure (*i.e.*, Rules 26–37) to better help him obtain the discovery he seeks. Lastly, not being able to afford service for publication is not grounds to appoint counsel.

**IT IS THEREFORE ORDERED** that plaintiff Dashod Reed's motion for reconsideration of appointment of counsel (ECF No. 56) is DENIED.

DATED: August 15, 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

Page 2 of 2